CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
JUN 1 3 2005
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| RACHEL TOWLES, # 281957, ) | |
|    Plaintiff, ) | Civil Action No. 7:05cv00355 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| SGT. BLAND, ) | By: Jackson L. Kiser |
|    Defendant. ) | Senior U.S. District Judge |

Plaintiff Rachel Towles, # 281957, a Virginia inmate proceeding <u>pro se</u>, brings this action pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C.§ 1343. In her complaints Towles alleges various Eighth Amendment claims and claims of lost or stolen personal property. As relief, she seeks monetary damages. After reviewing the complaint, I find that it must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

Towles has submitted to the court two separate, but very brief, complaints which the court will construe as a single complaint as both arrived at the court on the same day, appear to have been signed and submitted on the same date, and involve related events. Towles claims that defendant Bland cursed at her, removed her glasses and pictures from her cell, displayed those items to other guards, and thereafter refused to return the same.

    I.    Analysis

To state a cause of action under §1983, a plaintiff must establish that she has been deprived of rights guaranteed by the Constitution or laws of the United States and that such deprivation is a result of conduct committed by a person acting under color of state law. <u>West v. Atkins</u>, 487 U.S. 42 (1988). However, a complaint filed by an inmate challenging the conduct of an "officer or

employee of a governmental entity" may be dismissed under 28 U.S.C. §1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted."

### A.    Living Conditions Claim

To the extent that Towles claims that defendant cursed at her and displayed her personal property to other officers can be construed as an Eighth Amendment claim of cruel and unusual punishment, it must fail.

The Eighth Amendment protects prisoners from cruel and unusual living conditions. Rhodes v. Chapman, 452 U.S. 337 (1981). On the other hand, an inmate is not entitled to relief simply because of exposure to uncomfortable, restrictive, or inconvenient conditions of confinement, for, "[t]o the extent that such conditions are restrictive or even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." Id. at 347. As a result, in order to state a claim of constitutional significance regarding prison conditions, a plaintiff must demonstrate not only that the living conditions violated contemporary standards of decency, but also that prison officials acted with deliberate indifference to such conditions. Wilson v. Seiter, 501 U.S. 294 (1991). Moreover, plaintiff must allege facts sufficient to show either that she has sustained a serious or significant mental or physical injury as a result of the challenged conditions or that the conditions have created an unreasonable risk of serious damage to her future health. Strickler v. Waters, 989 F.2d 1375, 1380-1381 (4th Cir. 1993); Helling v. McKinney, 509 U.S. 25 (1993). While being cursed at and having one's personal property publically displayed may have been inconvenient and unfortunate, Towles has not alleged anything to suggest that these conditions violate contemporary standards of decency. Nor has plaintiff even alleged that because of those

events she has sustained a serious or significant injury or is at risk of a future injury. Therefore, she has failed to state a constitutional claim under the Eighth Amendment. Accordingly, these claims will be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

### B. Lost Property

Towles alleges that after displaying her glasses and pictures to other correctional officers the defendant refused to return those items. The intentional or negligent deprivation of personal property by a prison employee acting outside the scope of official policy or custom does not rise to the level of a constitutional violation, so long as the state provides an adequate post-deprivation remedy. See Hudson v. Palmer, 468 U.S. 517 (1984); Parratt v. Taylor, 451 U.S. 527 (1981). Given that the conduct is unauthorized, it would be impracticable for the state to provide a pre-deprivation hearing or other process. Hudson, 468 U.S. 517 (1984). Therefore, an adequate post-deprivation remedy, such as a prison grievance procedure or a state tort claim, suffices. Id. The state has established Division Operating Procedures and a grievance procedure of which Towles could avail herself for relief. As Towles has filed previous grievances, it is clear that she was aware of available post-deprivation remedies, however she chose not to utilize such procedures. Furthermore, other state law remedies, including the Virginia Tort Claims Act, were available to Towles as a means to seek compensation for her alleged loss. See Wadhams v. Procunier, 772 F.2d 75 (4th Cir. 1985); Ballance v. Young, 130 F.Supp.2d 762, 767 (W.D. Va. 2000). Accordingly, inasmuch as Towles had adequate state remedies, I find that she has failed to state a cognizable constitutional claim in that she has alleged no facts to suggest she has been deprived of rights guaranteed her by the Constitution

3

or laws of the United States. Accordingly, pursuant to 28 U.S.C. §1915A(b)(1), I must dismiss this claim.

### III. Conclusion

Based on the foregoing, I find that Towles has not presented any claims on which relief can be granted. Therefore, I will dismiss the complaint without prejudice.

The plaintiff is advised that she may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to plaintiff and to counsel of record for the defendants, if known.

ENTER: This 13th day of June, 2005.

Senior U.S. District Judge